

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-15-2008

# Randall v. Martinez

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1458

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Randall v. Martinez" (2008). *2008 Decisions*. Paper 839.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/839

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-244                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1458
_____

EDWIN RANDALL,

Appellant

v.

R. MARTINEZ, WARDEN

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 07-cv-02151)
District Judge:  Honorable John E. Jones, III

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
June 26, 2008

Before: BARRY, CHAGARES and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed July 15, 2008 )
_____

OPINION
_____

PER CURIAM

        Edwin Randall appeals the District Court's order dismissing his petition for a writ

of habeas corpus.  The Government has filed a motion for summary affirmance.  Because

Randall's appeal does not present a substantial question, we will grant the Government's

motion and summarily affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4;

I.O.P. 10.6.

In a petition submitted pursuant to 28 U.S.C. § 2241, Randall alleged that prison

disciplinary proceedings violated his due process rights. When he filed his petition in

November 2007, the prison had imposed sanctions including transfer to a higher-security

facility,[1] loss of 40 days' good conduct time, and temporary revocation of certain

privileges. However, by the time the Government filed its response in January 2008, for

reasons not clear from the record, the warden directed expungement of the incident report

and restoration of Randall's good conduct time and other privileges. Consequently, the

Government argued that Randall's petition was moot. In support, the Government

submitted the declaration of L. Cunningham, supervisory attorney for the Allenwood

facility, which stated that prison staff had "confirmed they had generated the

documentation necessary to restore inmate Randall's Good Conduct Time as well as the

privileges which were affected by this incident report."

The District Court accepted the Government's argument and dismissed the petition

as moot by order entered January 30, 2008. In doing so, the District Court failed to

consider Randall's traverse, which was entered on the docket that same day. Randall

---

[1] Randall was transferred from the minimum security facility in Bennettsville, South Carolina, to the Allenwood low security facility in White Deer, Pennsylvania.

therefore filed a motion for reconsideration pursuant to Federal Rule of Procedure 59(e) requesting the District Court to consider his traverse, which raised arguments opposing the Government's mootness argument. Specifically, although he conceded that expungement provided partial relief, he argued that the controversy remained live because the prison failed to remove two sanctions: the transfer to the higher-security facility and the deduction of 40 days' good conduct time. Although it found his Rule 59(e) motion untimely, the District Court addressed Randall's motion on its merits, granted it only for the limited purpose of considering the traverse, and denied it in all other respects.[2]

We review the District Court's denial of habeas corpus relief de novo, Reinert v. Larkins, 379 F.3d 76, 83 n.2 (3d Cir. 2004), and its factual findings for clear error. See, e.g., Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002). As Randall concedes, his petition is moot to the extent it sought expungement of the disciplinary charges because he has received that relief. In addition, a habeas corpus petition is not the proper vehicle for Randall's challenge to his disciplinary transfer to a higher-security facility. His claim does not present a challenge to the fact or length of his conviction, see Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002), or challenge the manner of its execution. Cf. Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 243 (3d Cir. 2005) (indicating that while certain types of transfers may give rise to habeas claims, "a garden variety prison transfer" would

---

[2] Randall did not separately appeal the District Court's decision on the Rule 59(e) motion. See Fed. R. App. P. 4(a)(4)(B)(ii). We therefore reference the District Court's Rule 59(e) order for informational purposes only.

3

not).  We therefore focus on Randall's claim concerning the prison's alleged failure to restore his 40 days' good conduct time.

This claim presents a challenge to the length of Randall's confinement and is therefore cognizable in a petition for habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 487 (1973).  However, Randall's evidence that the prison failed to restore his good conduct time[3] failed to refute the Government's evidence that the prison generated the paperwork necessary to restore the good conduct time.[4]  Indeed, because all parties agree that Randall is entitled to and will be credited for the 40 days' good conduct time, we surmise that to the extent that any "controversy" remains, it appears to be attributable to some sort of administrative delay in updating Randall's records.[5]

Accordingly, Randall's appeal does not present a substantial question.  We therefore grant the Government's motion and summarily affirm the judgment of the

---

[3] In support of his Rule 59(e) motion, Randall presented what appears to be a computer-generated report entitled "Sentence Monitoring Computation Data as of 1-22-2008" containing the phrase "COMP UPDATED BY DSCC TO REFLECT DIS-40 DAYS."  The District Court found that "[t]he meaning of this phrase is not clear from the face of the document."

[4] Randall's argument that the good conduct time had not yet been credited to him is not necessarily inconsistent with the Government's position that the paperwork had been completed so he will eventually be credited with the good conduct time.  The Government did not submit evidence demonstrating that the good conduct time had yet been actually restored.

[5] In support of his appeal, Randall has submitted what appears to be an updated computer report dated March 13, 2008, which reflects the notation "COMP UPDATED BY DSCC TO REFLECT DIS-40 DAYS."  Without further explanation, we, like the District Court, cannot be confident of the meaning of this phrase.

4

District Court dismissing the petition.  <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6.  We are confident that, if they have not already done so, prison officials will ensure that the relevant records are corrected to reflect an accurate computation of Randall's sentence. Nevertheless, we make clear that our disposition is without prejudice to Randall pursuing an appropriate habeas corpus petition in the District Court if, for some reason, the issue has not been addressed within 180 days of the date of this opinion.